**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHENMING DONG,<br><br>          Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 13-70293<br><br>Agency No. A099-043-143<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

     Chenming Dong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

immigration judge's decision denying his application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on inconsistencies regarding the number of times Dong's wife was pregnant, Dong's shifting testimony regarding his corroborative evidence, and discrepancies and/or implausibilities in his account of his wife's coerced divorce, their living "secretly" together in their house for five years, and their subsequent remarriage. *See id.* at 1048 (adverse credibility finding reasonable under the totality of the circumstances). We lack jurisdiction to consider Dong's contention that he did not have an opportunity to explain how he and his wife lived together in secret after their divorce because he did not raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not raised to the agency). Dong's explanations regarding other findings do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

In the absence of credible testimony, Dong's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-70293